Phillip N. Smith Jr., Esq.
Nevada Bar No. 10233
*psmithjr@wwhgd.com*
Jacqueline V. Nichols, Esq.
Nevada Bar No. 14246
*jnichols@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 South Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
Telephone:  (702) 938-3838
Facsimile:   (702) 938-3864
*Attorneys for Defendants,*
*Clark County School District and*
*Daniel Ciarciaglini*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TROY GINES,<br><br>           Plaintiff,<br><br>     vs.<br><br>CLARK  COUNTY  SCHOOL  DISTRICT, a political subdivision of the State of Nevada; DANIEL CIARCIAGLINI, an individual,<br><br>           Defendants. | Case No.:<br><br>[Removed from Lower Case No. A-25-924300-C Clark County District Court Department 9]<br><br>**PETITION FOR REMOVAL FROM STATE COURT UNDER 28 U.S.C. § 1331**<br><br>**(FEDERAL QUESTION)** |

PLEASE TAKE NOTICE that Defendants, Clark County School District ("CCSD"), and Daniel Ciarciaglini by and through their counsel of record, Phillip N. Smith Jr, Esq. and Jacqueline V. Nichols, Esq., of the law firm of WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1446, hereby remove this case from the Eighth Judicial District Court for Clark County, Nevada to the United States District Court for the District of Nevada. In support of this Notice, Defendants state the following:

1.     On July 28, 2025, Plaintiff filed a Complaint in the Eighth Judicial District Court for Clark County, Nevada, case number A-25-924300-C (the "Complaint"), attached hereto as **Exhibit A**. The Complaint alleges causes of action for 1) violation of Federal Civil Rights Under 42 U.S.C. § 1983; 2) violation of Nevada Constitution/Constitutional Tort; 3) Malicious Prosecution; 4) Battery/False Arrest; and 5) Negligence.

2.     Defendants have not yet filed the Answer to the Complaint.

3.     Plaintiff, Troy Gines is a resident and citizen of the State of Nevada, County of Clark.

4.     Defendant, CCSD, is a political subdivision of the State of Nevada in charge of administering the state system of public education in Clark County.

5.     Defendant, Daniel Ciarciaglini, is a resident and citizen of the State of Nevada, County of Clark and is a "peace officer" in the State of Nevada as that term is defined in NRS § 289.450(1) per NRS §289.190.

6.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by the CCSD pursuant to 28 U.S.C. § 1441(a) and (b) in that it asserts alleged violations of 42 U.S.C. § 1983, First Amendment.

7.     Plaintiff filed his Complaint on July 28, 2025. Exhibit A.

8.     This notice of removal is timely filed within thirty (30) days after CCSD's receipt of the initial pleading setting forth the claim for relief upon which this action is based. 28 U.S.C. § 1446(b).

9.     Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a)–(b). The state court in which this action was filed lies within the division and district of the United States District Court wherein this Notice of Removal is filed.

10.     Written notice of the filing of this Notice of Removal is concurrently being served on the Clerk of the District Court of Clark County, and Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

11.     Pursuant to 28 U.S.C. § 1446(a), Defendants are required to attach copies of "all process, pleadings and orders served upon" Defendants in this action. Defendants attach the following:

      a.   Plaintiffs' Complaint, attached as Exhibit A.

      b.   Plaintiffs' Proof of Service, attached as Exhibit B.

12.     If any question arises as to the propriety of this removal, CCSD requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

13.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of

CCSD's right to assert any defense or affirmative matter, including, but not limited to, the defenses of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim, fraudulent joinder or any other procedural or substantive defense available to CCSD.

WHEREFORE, Defendants pray for the removal of the above-captioned matter to this Court and respectfully requests that this Court assume jurisdiction of this lawsuit and take all such further action as deemed just and proper.

Dated this 29th day of August, 2025.

/s/ Jacqueline  V. Nichols
Phillip N. Smith Jr., Esq.
Jacqueline V. Nichols, Esq.
WEINBERG, WHEELER, HUDGINS,
 GUNN & DIAL, LLC
6385 South Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
*Attorneys for Defendants,*
*Clark County School District and*
*Daniel Ciarciaglini*

WEINBERG WHEELER
HUDGINS GUNN & DIAL

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of August, 2025, a true and correct copy of the foregoing **NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** was electronically filed and served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Adam J. Breeden, Esq.
Nevada Bar No. 8768
Breeden & Associates, PLLC
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorney for Plaintiff*

/s/ Angelina M. Durazzo
An employee of WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

# EXHIBIT A

Electronically Filed
7/28/2025 2:47 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
**BREEDEN & ASSOCIATES, PLLC**
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

CASE NO: A-25-924300-C
Department 9

### EIGHTH JUDICIAL DISTRICT COURT

### CLARK COUNTY, NEVADA

TROY GINES, an individual,

      Plaintiff,

v.

CLARK COUNTY SCHOOL DISTRICT, a
political subdivision of the State of Nevada;
and DANIEL CIARCIAGLINI, an individual,

      Defendants.

CASE NO.

DEPT. NO.

**COMPLAINT**

Plaintiff, TROY GINES, by and through his counsel, Adam J. Breeden, Esq. of BREEDEN & ASSOCIATES, PLLC, hereby alleges the following as his Complaint for violations of his civil rights:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff, TROY GINES is a resident and citizen of the State of Nevada, County of Clark, and was at all times relevant to this Complaint.

2.    Defendant, CLARK COUNTY SCHOOL DISTRICT (hereinafter referred to as "CCSD"), is a political subdivision of the State of Nevada under NRS § 386.010 with the power to sue and be sued in its own name.

3.    Pursuant to NRS § 391.281, the CLARK COUNTY SCHOOL DISTRICT operates the Clark County School District Police Department and employs law enforcement officers of limited jurisdiction.

4.    Defendant, DANIEL CIARCIAGLINI, is, on information and belief, a resident and citizen of the State of Nevada, County of Clark, and was at all times relevant to this Complaint. CIARCIAGLINI is a "peace officer" in the State of Nevada as that term is defined in NRS § 289.150(1) per NRS § 289.190.

5.    At the times alleged herein, Defendant CIARCIAGLINI, who is alleged to be a police officer with the Clark County School District Police Department, was the actual, apparent, implied, or ostensible agent of Defendant CCSD. Therefore, Defendant CCSD is responsible for the injuries and damages caused to the Plaintiff under the theory of respondeat superior, NRS § 41.130 and to the extent applicable NRS § 42.007.

6.    Venue is proper in the Eighth Judicial District Court of Nevada pursuant to NRS §13.040 as the events alleged herein occurred in Clark County, Nevada.

7.    The Court has personal jurisdiction over the Defendants because they are residents of the State of Nevada or governmental entities part of the State of Nevada or have minimum contacts with the State of Nevada under NRS § 14.065.

8.    The Court has subject matter jurisdiction over this matter pursuant to Nev. Const. Art. VI, § 6 and NRS §4.370(1), as this Court has original jurisdiction in all cases not assigned to the justices' courts and the amount in controversy exceeds $15,000, exclusive of attorney's fees, interest, and costs.

9.    This State court has concurrent jurisdiction over the claim brought herein under 42 USC § 1983 pursuant to *Martinez v. California*, 444 U.S. 277, 283, 283 n.7, 100 S. Ct. 553, 62 L. Ed. 2d 481 (1980) (noting the general rule of concurrent jurisdiction means that state courts can adjudicate federal § 1983 actions).

10.    The causes of action contained herein do not require exhaustion of administrative remedies. *Eggleston v. Stuart*, 495 P.3d 482, 486 (Nev. 2021) ("a party generally is not required to exhaust administrative remedies before filing a § 1983 civil rights claim"). Plaintiff was not incarcerated at the time this action was filed.

2

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11. On November 20, 2023, when Plaintiff GINES saw that Defendant CIARCIAGLINI had pulled another vehicle over, he stopped his car approximately 30-40 feet behind Defendant CIARCIAGLINI's vehicle.

12. Prior to that date, GINES had several interactions with CIARCIAGLINI which he felt were abusive and harassing by the officer. He also felt the officer was singling him out and performing his duties in violation of state law. He sought to document the officer's actions by filming him.

13. After parking, Plaintiff GINES exited his vehicle, turned on a cell phone camera to document the scene, and walked on the public sidewalk to the passenger's side of the vehicle.

14. GINES walked forward until he reached the front of the other vehicle CIARCIAGLINI had stopped. During this time, Plaintiff GINES filmed the entire interaction of approximately one minute prior to his arrest.

15. Defendant CIARCIAGLINI asked Plaintiff GINES to back up. Plaintiff GINES refused while maintaining that he had kept a safe space from the officer of at least ten (10) feet.

16. Defendant CIARCIAGLINI then ceased his traffic stop and approached GINES to make him his primary attention. He indicated he was arresting Plaintiff GINES for obstruction and asked him to turn around, which Plaintiff GINES did.

17. Despite Nevada state law requiring only a ticket, CIARCIAGLINI chose to perform a full, custodial arrest of GINES for the purposes of embarrassing and harassing him. GINES was taken to jail, booked and charged criminally with obstruction.

18. At no time did Plaintiff GINES threaten the officer, verbally harass him, or physically touch or attempt to touch Defendant CIARCIAGLINI prior to his arrest.

19. CIARCIAGLINI continued to falsely and maliciously prosecute GINES, appearing at his trial and falsely claiming he was in physical danger of GINES.

20. GINES was initially convicted of obstruction charges and he appealed. On or about June 23, 2025, the Eighth Judicial District Court reversed and vacated his conviction on the grounds

3

that the arrest violated his civil rights and that his actions failed as a matter of law to support a criminal conviction for obstruction of an officer.

### FIRST CLAIM FOR RELIEF

### (Violation of Federal Civil Rights Under 42 U.S.C. § 1983)

21. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-20 as if fully set forth herein.

22. This cause of action is pleaded by Plaintiff GINES only against Defendant CIARCIAGLINI in his individual capacity.

23. The First Amendment to the United States Constitution protects an individual's freedom of speech and has been found to protect a person's right to film law enforcement performing their duties and to protect against retaliation against a person for exercising that right. *Mills v. Alabama*, 384 U.S. 214, 218, 86 S. Ct. 1434, 16 L. Ed. 2d 484 (1966) ("[t]he filming of government officials engaged in their duties in a public place, including police officers performing their responsibilities, fits comfortably within these principles. Gathering information about government officials in a form that can readily be disseminated to others serves a cardinal First Amendment interest in protecting and promoting 'the free discussion of governmental affairs.'"); *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir. 1995) (recognizing the First Amendment right to record law enforcement).

24. The Fourth Amendment to the United States Constitution states that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

25. The First and Fourth Amendments have been held applicable to the States and individual state actors, a process called incorporation, pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Gitlow v. New York*, 268 US 652 (1925) (incorporation of First Amendment); *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S. Ct. 1684, 1691 (1961) (incorporation of Fourth Amendment).

26.    Pursuant to 42 USC § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

27.    At the times alleged in the complaint on or about November 20, 2023, Defendant CIARCIAGLINI was a state actor of the State of Nevada or its political subdivisions, acting under color of law.

28.    Defendant CIARCIAGLINI did violate the civil rights of the Plaintiff under the First and Fourth Amendment in the following ways, without limitation:

      a.  Interfering with GINES' First Amendment right to film the officer performing his duties;

      b.  Arresting GINES in retaliation for filming the officer performing his duties;

      c.  Arresting GINES and searching his person and vehicle without probable cause of commission of a crime;

29.    The acts of Defendant CIARCIAGLINI deprived the Plaintiff of his rights, privileges, or immunities secured by the Constitution or laws of the United States.

30.    Defendant CIARCIAGLINI lacked any valid justification or Constitutional exception for his unlawful actions.

31.    At the times alleged herein, the Constitutional rights of the Plaintiff were clearly established and it would be clear to a reasonable officer/actor that his/her conduct was unlawful in the situation he/she was confronted.

32.    As a result of the violation of Plaintiff's civil rights, Plaintiff sustained physical injury, emotional distress, and nominal damages for violation of his civil rights in an amount to be proven at trial but exceeding fifteen thousand dollars ($15,000).

33.    The acts of Defendant CIARCIAGLINI were taken with oppression, fraud or malice and/or their conduct was motivated by evil motive or intent, or involved reckless or callous

5

indifference to the federally protected rights of others, therefore Plaintiff seeks punitive damages.

34.    Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest, including attorney's fees and expert fees pursuant to 42 USC § 1988 and all other applicable law.

## SECOND CLAIM FOR RELIEF

### (Violation of Nevada Constitution/Constitutional Tort)

35.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-34 as if fully set forth herein.

36.    This cause of action is pleaded by Plaintiff against the following Defendants: CCSD and CIARCIAGLINI in his individual capacity.

37.    The Nevada Constitution Art. I Sec. 9 states that "Every citizen may freely speak, write and publish his sentiments on all subjects being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press."

38.    Further, the right to film law enforcement performing their duties is protected by Nevada state law. NRS § 171.1233 ("A person who is not under arrest or in the custody of a peace officer may record a law enforcement activity and maintain custody and control of that recording").

39.    The Nevada Constitution Art. I Sec. 18 states that "[t]he right of the people to be secure in their persons, houses, papers and effects against unreasonable seizures and searches shall not be violated; and no warrant shall issue but on probable cause, supported by Oath or Affirmation, particularly describing the place or places to be searched, and the person or persons, and thing or things to be seized."

40.    Further, under Nevada state law a peace officer must issue a citation to appear in lieu of a custodial arrest under many circumstances, including those of this case, per NRS § 171.1771 (citation in lieu of custodial arrest required in certain circumstances).

41.    The Nevada Supreme Court has held that there is a private cause of action under the Nevada Const. Art. I Sec. 18 for retrospective monetary relief, a so-called Constitutional Tort. *Mack v. Williams*, 522 P.3d 434, 450 (Nev. 2022). Plaintiff pleads in good faith that this cause of action would extend to violations of Nevada Constitution Art. I Sec. 9 also.

42.    At the times alleged in the Complaint, Defendant CIARCIAGLINI was a state actor

6

of the State of Nevada, acting under color of law.

43.    Defendant CIARCIAGLINI did violate the civil rights of the Plaintiff under the Nevada Constitution Art. I Sec. 9 and 18 in the following ways, without limitation:

    a.  Interfering with GINES First Amendment right to film the officer performing his duties;

    b.  Arresting GINES in retaliation for filming the officer performing his duties;

    c.  Arresting GINES and searching his person and vehicle without probable cause of commission of a crime;

    d.  Violating state law, specifically NRS § 171.1233 (bars interference by officer to filming law enforcement) and NRS § 171.1771 (citation in lieu of custodial arrest required in certain circumstances)

44.    The acts of Defendants CIARCIAGLINI deprived the Plaintiff of his rights, privileges, or immunities secured by the constitution or laws of the state of Nevada.

45.    Defendant CIARCIAGLINI lacked any valid justification or Constitutional exception for his unlawful actions.

46.    It is undecided whether under a Nevada Constitutional tort theory the political subdivision may be vicariously responsible. Therefore, in good faith in light of an undecided legal issue, CCSD was the principal or employer of Defendant CIARCIAGLINI at the time of the events and, therefore, is vicariously liability for their actions.

47.    The Nevada Supreme Court has expressly held that there is no qualified immunity for Nevada Constitutional torts.

48.    As a result of the violation of Plaintiff's civil rights, Plaintiff sustained physical injury, emotional distress and nominal damages for violation of his civil rights in an amount to be proven at trial but exceeding fifteen thousand dollars ($15,000).

49.    The acts of Defendant CIARCIAGLINI were taken with oppression, fraud or malice and/or his conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the State constitutionally-protected rights of others, therefore Plaintiff seeks punitive damages.

7

50.    Plaintiff specifically pleads to notify the Court that in this action he asserts that Nevada Constitutional Torts are not subject to Nevada's statutory limits on claims against the State found in NRS § 41.035 (monetary limit on damages, bar of punitive damages) because doing so would allow the State to, by statute, limit or bar claims against it which are imposed by the Nevada Constitution.

51.    Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest.

### THIRD CAUSE OF ACTION

### (Malicious Prosecution)

52.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-51 as if fully set forth herein.

53.    This cause of action is pleaded by Plaintiff GINES against the following Defendants: CCSD and CIARCIAGLINI.

54.    On or about November 13, 2023, Defendant CIARCIAGLINI maliciously and without probable cause initiated a criminal proceeding against Plaintiff GINES in the North Las Vegas Municipal Court, Case No. CR004172-23.

55.    The prior proceeding was brought without probable cause and with malice, in that Defendant CIARCIAGLINI had no probable cause to arrest GINES nor evidence he committed a crime. The entire arrest was apparently due to a personal disagreement the men had over CIARCIAGLINI's performance of his job.

56.    The criminal proceeding was adjudicated favorably to GINES on appeal and all criminal charges against him were dismissed.

57.    Defendant CCSD is vicariously responsible for GINES' acts.

58.    As a result of Defendant CIARCIAGLINI's acts, Plaintiff sustained emotional distress, special damages of attorney's fees, and nominal damages for violation of his civil rights in an amount to be proven at trial but exceeding fifteen thousand dollars ($15,000).

59.    The acts of the Defendants were taken with oppression, fraud or malice and/or their conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of others, therefore Plaintiff seeks punitive damages.

60.    Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest.

## FOURTH CAUSE OF ACTION

### (Battery/False Arrest)

61.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-60 as if fully set forth herein.

62.    This cause of action is pleaded by Plaintiff against the following Defendants: CCSD and CIARCIAGLINI.

63.    On or about November 20, 2023, Defendant CIARCIAGLINI did forcibly touch GINES, arresting him and handcuffing him among other physical contact.

64.    The Defendant intended to contact Plaintiff in an unconsented manner, and did so.

65.    Defendant CCSD is vicariously liable for the acts CIARCIAGLINI.

66.    The Nevada Supreme Court has found that "a police officer who uses more force than is reasonably necessary to effect a lawful arrest commits a battery upon the person arrested." *Yada v. Simpson*, 112 Nev. 254, 256 (1996)

67.    As a result of the Defendant's acts, Plaintiff sustained injury in an amount to be proven at trial but exceeding fifteen thousand dollars ($15,000).

68.    The acts of the Defendants were taken with oppression, fraud or malice and/or their conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of others, therefore Plaintiff seeks punitive damages.

69.    Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest.

## FIFTH CLAIM FOR RELIEF

### (Negligence)

70.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-69 as if fully set forth herein.

71.    This cause of action is pleaded by Plaintiff against the following Defendants: CCSD and CIARCIAGLINI.

72.    Defendant CIARCIAGLINI had a duty to perform his job according to all applicable state and federal laws and in accordance with his training and police standards.

73.   Defendant breached that duty when detaining, arresting and charging the Plaintiff on November 20, 2023.

74.   The breach of duty is based, at least in part, on violation of NRS § 171.1455 as to failure to use de-escalation techniques and a response that was not balanced or carefully controlled to the resistance, if any, offered by the Plaintiff.

75.   The breach of duty is based, at least in part, on violation of NRS § 171.1233 (bars interference by officer to filming law enforcement).

76.   The breach of duty is based, at least in part, on violation of NRS § 171.1771 (citation in lieu of custodial arrest required in certain circumstances).

77.   In addition to the common law, these statutes were meant to prevent the type of harm which occurred and Plaintiff was in the class of people meant to be protected by the law.

78.   Defendant CCSD is vicariously liable for the acts CIARCIAGLINI.

79.   As a result of the Defendants' acts, Plaintiff sustained emotional distress, physical injury and special damages in an amount to be proven at trial but exceeding fifteen thousand dollars ($15,000).

80.   Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest.

[remainder of page intentionally blank]

**WHEREFORE**, Plaintiff prays for the following relief:

1.    For compensatory damages for physical injury, emotional distress, special damages and nominal damages in an amount to be determined at trial but exceeding $15,000;

2.    For punitive damages;

3.    For reasonable costs, interest and attorney's fees;

4.    Any further relief the Court deems appropriate.

Dated this 28th day of July, 2025.

BREEDEN & ASSOCIATES, PLLC

ADAM J. BREEDEN, ESQ.
Nevada Bar No. 008768
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

11

# EXHIBIT B

Electronically Filed
8/1/2025 10:26 AM
Steven D. Grierson
CLERK OF THE COURT

BREEDEN & ASSOCIATES, PLLC
7432 W SAHARA AVE STE 101
LAS VEGAS, NV 89117
(702) 819-7770



TROY GINES
    Plaintiff

vs

CLARK COUNTY SCHOOL DISTRICT, ET AL.
    Defendant

## DISTRICT COURT
## CLARK COUNTY, NEVADA

*Case Number:* A-25-924300-C

*Dept:*

**PROOF OF SERVICE**

JAMES FAULKNER, deposes and says: that at all times herein I am a citizen of the United States, over 18 years of age, licensed to serve civil process in the State of Nevada under license #389, and not a party to nor interested in the proceeding in which this statement is made.

Legal Wings, Inc. received on Tuesday, July 29, 2025 a copy of the:
**SUMMONS; COMPLAINT**

I served the same on **07/30/2025** at **10:20 AM** to:

**Defendant CLARK COUNTY SCHOOL DISTRICT, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA**

by leaving the copies with or in the presence of **SUSAN GERACE , LEGAL ASSISTANT**, at **5100 W SAHARA AVE, LAS VEGAS, NV 89146**.

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the forgoing is true and correct.

Executed: Wednesday, July 30, 2025

JAMES FAULKNER
Registered Work Card R-2024-03591

Legal Wings, Inc., 1118 Fremont Street, Las Vegas, NV 89101, (702) 384-0305, PILB #389

P-2027901.01

Electronically Filed
8/6/2025 1:54 PM
Steven D. Grierson
CLERK OF THE COURT

BREEDEN & ASSOCIATES, PLLC
7432 W SAHARA AVE STE 101
LAS VEGAS, NV 89117
(702) 819-7770



## DISTRICT COURT
## CLARK COUNTY, NEVADA

TROY GINES
Plaintiff

vs

CLARK COUNTY SCHOOL DISTRICT, ET AL.
Defendant

Case Number: A-25-924300-C

Dept:

**PROOF OF SERVICE**

TANNER TREWET, deposes and says: that at all times herein I am a citizen of the United States, over 18 years of age, licensed to serve civil process in the State of Nevada under license #389, and not a party to nor interested in the proceeding in which this statement is made.

Legal Wings, Inc. received on Tuesday, July 29, 2025 a copy of the:
**SUMMONS; COMPLAINT**

I served the same on **08/04/2025** at **12:54 PM** to:

**Defendant DANIEL CIARCIAGLINI, AN INDIVIDUAL**

by leaving the copies with or in the presence of **VAL MORENO, RECORDS CLERK**, at **120 CORPORATE PARK DR, HENDERSON, NV 89074**.

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the forgoing is true and correct.

Executed: Tuesday, August 5, 2025

TANNER TREWET
Registered Work Card R-2019-07712

Legal Wings, Inc., 1118 Fremont Street, Las Vegas, NV 89101, (702) 384-0305, PILB #389

P-2027902.01