# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Troy Gines,

     Plaintiff(s),

v.

Clark County School District, et al.,

     Defendant(s).

Case No. 2:25-cv-01630-GMN-NJK

**Order**

[Docket No. 16]

Pending before the Court is a stipulation to stay discovery on punitive damages until after the summary judgment phase of the case. Docket No. 16.

"The Ninth Circuit has [] repeatedly and emphatically addressed the importance of scheduling orders as tools for district courts to manage their heavy caseloads." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases). It is well settled that continuing to address discovery after the summary judgment phase would disrupt the management of the case and defeat the purpose of the scheduling order. *See, e.g.*, *Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 354 (D. Nev. 2019) (citing *Gray v. Cox*, 2016 WL 4367236, at *3 (D. Nev. Aug. 12, 2016)). Moreover, the majority of courts (including this one) have concluded that issues regarding punitive damages are subject to discovery in the ordinary course. *See, e.g.*, *Martinez v. James River Ins. Co.*, 2020 WL 1975371, at *3 (D. Nev. Apr. 24, 2020).

In this case, the parties ask that discovery on punitive damages be stayed until after the summary judgment phase of the case, a request that is on its face counter to the above principles. In support of that request, the stipulation indicates that "courts have disagreed on whether the allegations of the complaint alone are sufficient to permit punitive damages discovery or, by way

of timing, when in the litigation such discovery is permitted." Docket No. 16 at 1. The stipulation provides no case citations[1] and no elaboration.

Given the scant discussion provided in seeking this relief, the stipulation is **DENIED** without prejudice. Any renewed request must be filed by March 23, 2026. Any such renewed request must provide robust discussion and legal authority as to why this relief is properly granted.

IT IS SO ORDERED.

Dated: March 9, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Court's own research revealed a recent case in which a magistrate judge apparently found this type of discovery-phasing to be warranted and the district judge concluded that decision was not clearly erroneous or contrary to law. *See Tate v. Las Vegas Metro. Police Dept.*, 2026 WL 542355 (D. Nev. Feb. 26, 2026). Of course, that another judge's discretionary decision to afford this relief in another case may not have been erroneous does not mean that this Court is required to afford the same relief in this case.